**Opinion issued April 28, 2025**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-24-00599-CV**

—————————————

**VCC, LLC, Appellant**

**V.**

**ALLIED WORLD SPECIALTY INSURANCE COMPANY, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-56137**

---

**CONCURRING OPINION**

I write separately to call attention to Texas Civil Practice and Remedies Code

Section 51.014(d)'s standard controlling permissive appeals—and to urge the

Legislature to revisit the wording of the statute should it prefer a different result than

the text dictates. Our per curiam opinion is faithful to the statute's text and consistent with Texas precedent. But it also has potentially curious ramifications.

Section 51.014(d) allows for permissive appeals (*i.e.*, early appeals) in certain circumstances. As the Texas Supreme Court has explained, the Legislature enacted Section 51.014 to provide "for the efficient resolution of certain civil matters in certain Texas courts" and to "make the civil justice system more accessible, more efficient, and less costly to all Texans while reducing the overall costs of the civil justice system to all taxpayers." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732–33 (Tex. 2019) (citation omitted). Section 51.014(d)'s language does not always appear to serve that objective.

For example, under Section 51.014(d), when a trial court deviates from binding, settled precedent as to a controlling legal question, that decision is so wrong that it is insulated from a permissive appeal. Yet, a decision that is less clearly wrong could meet Texas's standard for a faster appeal. It is not my court's role to say whether this is wise. But I am concurring to bring attention to the issue and suggest that additional clarity from the Legislature and the Texas Supreme Court may be beneficial.

**I.** **This appeal turns on the meaning of the following text: a "question of law as to which there is a substantial ground for difference of opinion."**

Section 51.014(d) allows a permissive appeal when:

(1)     the order to be appealed involves a controlling question of law as

2

> to which there is a substantial ground for difference of opinion; and

> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE § 51.014(d).

Here, there is no serious dispute that an immediate appeal may materially advance the termination of this litigation. There is also no real dispute that the order involves at least one "controlling question of law." The decision we face is whether "there is a *substantial ground for difference of opinion*" as to a controlling question of law. Our per curiam opinion turns on the meaning of this text.

## II. Some applications of the statute are straightforward.

An order could easily qualify for permissive appeal when it involves a controlling legal question and the law is uncertain, novel, or the subject of disagreement among courts. *See, e.g.*, *Singh v. RateGain Travel Techs., Ltd.*, No. 05-23-01088-CV, 2023 WL 8642555, at *2 (Tex. App.—Dallas Dec. 14, 2023, no pet.); *see also Sabre*, 567 S.W.3d at 732 (permissive appeal process allows early "resolution of controlling, uncertain issues of law that are important to the outcome of the litigation").

For example, an order could qualify if it concerns a controlling question of law that has split Texas appellate courts. An order could also potentially qualify if a trial court reaches one conclusion on a controlling legal question, and a different,

non-binding court reaches another conclusion, of course depending on the nuances of the case.

### III. But does the order here qualify, given that it departs from binding, settled law?

Here, though, we face a different question. What happens when the trial court decides a controlling question in a way that is contrary to law that is both binding and settled? In other words, can the trial court's departure from settled Texas Supreme Court precedent raise a "substantial ground for difference of opinion"?

Interpreting the text of the statute and consistent with other Texas courts,[1] our per curiam opinion concludes that the answer, in this case, is "no." The statutory text requires a "legal question as to which" (*i.e.*, about which) there must be a "substantial ground for difference of opinion." TEX. CIV. PRAC. & REM. CODE § 51.014(d). We conclude that there is not a "legal question" about which there is a "substantial" ground for difference of opinion where settled, binding precedent has resolved the controlling legal inquiry.

To be sure, there are real arguments one could make on the other side. For instance, here, the district court in fact reached a different opinion than Texas precedent has on controlling legal questions. Some courts and treatises suggest that a trial court's disagreement with precedent might be enough to satisfy similar tests.

---

[1] Notably, most of the decisions in this regard arise out of one appellate court, Dallas; this has not been addressed in a widespread manner in Texas. *See* Op. 11–14 (collecting cases).

*See Richardson v. Univ. of Tex. Sys.*, No. 5:19-CV-271-XR, 2019 WL 5683470, at *2 (W.D. Tex. Oct. 31, 2019) (interpreting federal standard, 28 U.S.C. § 1292(b), and stating that "difference of opinion must stem between the district court's order and the precedent of the Courts of Appeals, not a difference of opinion between the parties," but further stating that considering the issue would "involve applying settled law to disputed facts, which the Court declines to do on § 1292(b)"); *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006) (quoting treatise for proposition that some courts have found substantial ground for difference of opinion under § 1292(b) when "trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue"; also states that counsel's disagreement on precedent does not qualify, nor does claim that district court has ruled incorrectly).

But the question posed by Section 51.014(d) is whether there is a "substantial ground for difference of opinion" as to the "controlling question of law." Ultimately, both the district court and our Court are bound by Texas's controlling and settled precedent addressing the legal questions. If we granted review here, we would be bound to follow that settled precedent on the legal questions at issue; we could not differ in opinion. With the statutory text as written, and with binding, settled law deciding the legal questions at issue, there is no "question of law" on which there is a "substantial ground for difference of opinion."

Applying Section 51.014(d), we thus denied the appeal. *See generally* Op.; *see also Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11, 15–16, 21 (Tex. 2022) (Section 51.014 permits courts to accept appeals when the requirements are met; it also grants discretion to reject appeals even if requirements are met).

## IV. This standard leads to potentially curious ramifications—and clarification might be helpful.

Our conclusion today is faithful to the statutory text and consistent with Texas caselaw—but it leads to potentially odd results. The Legislature has allowed for permissive appeals in certain circumstances to advance the resolution of cases. That is reflected in the plain text of Section 51.014(d). The appellate rules echo this language. TEX. R. APP. P. 28.3(e)(4).

Yet, the following flows from our decision today:

- If the trial court gets a controlling legal question wrong and the law is muddled or split, then the permissive appeal standard can be met.

- But if the trial court gets a controlling question of law so wrong that its ruling conflicts with settled, binding law, then we do not take the appeal because it does not meet the standard of involving a legal question on which there is a substantial ground for difference of opinion.

The result is that, when a trial court departs from precedent as to a controlling legal question, the decision is insulated from permissive appeal review precisely because it is wrong. But a decision that is less clearly wrong can meet the standard for review.

This could seem counterintuitive. If the trial court makes an outlier decision, departing from settled, binding precedent as to a controlling legal question, one could argue there would be at least as much need for a permissive appeal to promptly fix the issue, so the parties would not risk litigating, potentially for years, under the wrong legal standard on a controlling question of law. (Or perhaps this is intended, with undecided legal issues getting fast-tracked due to their uncertainty, while more straightforward legal errors are reserved for the ordinary appellate process.)

What does the Legislature aim to accomplish here? And is this how practitioners understand the statute? Also, how does this square with the Texas Supreme Court's admonition in *Sabre* that we should exercise caution in denying permissive appeals? 567 S.W.3d at 732–33 ("Just because courts of appeals can decline to accept permissive interlocutory appeals does not mean they should; in fact, in many instances, courts of appeals should do exactly what the Legislature has authorized them to do—accept permissive interlocutory appeals and address the merits of the legal issues certified.").

It is our job to apply statutes as they are written, regardless of the merits of what they accomplish. That is what we do here today. But in light of these dynamics, the Legislature may want to consider whether it should revisit the statutory text. And guidance from the Texas Supreme Court could benefit litigants and courts across Texas.

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

Justice Caughey, concurring.

Justice Morgan, concurring.